NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

BOBBY MAURICE HUGHEY, *Appellant.*

No. 1 CA-CR 20-0385
1 CA-CR 20-0398
(Consolidated)
FILED 4-1-2021

---

Appeal from the Superior Court in Maricopa County
No.  CR2019-128946-001
CR2019-120439-001
The Honorable Eartha K. Washington, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

**¶1** This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Bobby Maurice Hughey has advised this Court that counsel found no arguable questions of law and asks us to search the record for fundamental error. In this consolidated matter, Hughey was convicted of (1) aggravated domestic violence, a class 5 felony and domestic violence offense and (2) attempt to commit aggravated domestic violence, a class 6 felony and domestic violence offense. Hughey was given an opportunity to file a supplemental brief *in propria persona*; he has not done so. After reviewing the record, we affirm Hughey's convictions and sentences.

### FACTS AND PROCEDURAL HISTORY

**¶2** We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Hughey. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶3** Hughey's former girlfriend, T.D., received an order of protection against him, effective May 2018 through May 2019. Hughey and T.D. had dated for about two years, and T.D. made multiple reports against Hughey for domestic violence and for violating the order of protection. In January 2019, Hughey went to T.D.'s home and demanded she continue her relationship with him. When T.D. refused, Hughey struck her in the face twice. Hughey fled the scene, and a neighbor called the police.

**¶4** In May 2019, Hughey again appeared at T.D.'s apartment and assaulted her. Upon police arrival at T.D.'s apartment, police could hear T.D. screaming for Hughey to "stop." Police knocked, but Hughey prevented T.D. from answering the door, and officers were forced to break down the door. After a brief struggle, Hughey was detained and taken into custody. During a search incident to arrest, police found a small amount of marijuana in his pants pocket. Hughey was charged with aggravated domestic violence, unlawful imprisonment, possession or use of marijuana,

and two counts of assault. Hughey waived his preliminary hearing, pled guilty to attempt to commit aggravated domestic violence, and his other charges were dismissed.

¶5            In June 2019, Hughey was separately charged with aggravated domestic violence and interfering with judicial proceedings for the January 2019 events. Hughey again waived his preliminary hearing and pled guilty to aggravated domestic violence, and the interference with judicial proceedings charge was dismissed. Hughey was also served with another order of protection.

¶6            For both cases, Hughey was placed on supervised probation for three years and was required to serve an initial term of four months in the Maricopa County jail. Under his probation conditions, Hughey was not allowed any contact with the victim, T.D.

¶7            While in jail, Hughey allegedly called the victim 467 times, though only seventeen of the calls occurred after he was placed on probation. A petition to revoke probation was subsequently filed, and a hearing was held on the petition. Hughey's probation officers, the Maricopa County Sheriff's Office Inmate Telephone System Administrator, and T.D. testified. The court found the State had proven by a preponderance of the evidence that Hughey violated his probation agreement by making unauthorized contact with T.D. and failing to inform his probation officers of the contacts.

¶8            The superior court conducted the disposition hearing in compliance with Hughey's constitutional rights and Arizona Rules of Criminal Procedure 26 and 27.8. The court found aggravating factors of Hughey's criminal history, including a relatively recent prior domestic violence offense, and Hughey's continued contact with the victim. The court also considered the mitigating factor of strong family support in Hughey's life. For the aggravated domestic violence charge, the court sentenced Hughey to a presumptive term of one-and-a-half years in prison with a presentence incarceration credit of 262 days. For the attempt to commit aggravated domestic violence charge, the court sentenced Hughey to a presumptive term of one year in prison with a presentence credit of 158 days, to run consecutive with the other charge. The court imposed a $50 address confidentiality program assessment, $50 family offense assessment, $9 victim rights/compensation fund, $2 victim rights enforcement assessment, $13 criminal penalty assessment, $20 probation assessment, and a $55 probation service fee for the aggravated domestic violence charge. Hughey was also fined a $20 probation assessment, $2 victim rights

enforcement assessment, $9 victim rights/compensation fund, $50 address confidentiality program assessment, $50 family offense assessment, and $13 criminal penalty assessment for the attempt to commit aggravated domestic violence charge.

## DISCUSSION

**¶9**        We review Hughey's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Hughey has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 299-300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Hughey at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Hughey's convictions and sentences.

**¶10**        Upon the filing of this decision, defense counsel shall inform Hughey of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Hughey shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶11**        For the foregoing reasons, we affirm Hughey's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4